UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT CAFFREY                                     CIVIL ACTION

VERSUS                                             NO. 07-3508

JEFFERSON PARISH POLICE,                           SECTION: "I"(5)
ET AL.

**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed in forma pauperis by pro se plaintiff, Robert Caffrey, against defendants, Caroline R. Kift, Criminal Commissioner for the Twenty-Fourth Judicial District Court; Jefferson Parish Sheriff Harry Lee; Detective Jason Barrette of the Jefferson Parish Sheriff's Office ("JPSO"); Detective William Jones of JPSO; Detective Kevin Decker of JPSO; and, Detective David Spera of JPSO (Rec. docs. 1, 6).

As reflected by the original and amended complaints on file herein, on April 10, 2007, plaintiff's residence was searched pursuant to a warrant issued three days earlier by Commissioner Kift in connection with an ongoing attempted murder investigation.

Plaintiff seeks monetary compensation for property damages and for the mental anguish brought about as a result of the allegedly unlawful search.

Plaintiff has initiated suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claims alleged therein lack an arguable basis in law or fact, Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is recommended that plaintiff's claims against two of the named defendants be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's §1983 claim for monetary damages against Commissioner Kift lacks an arguable basis in law and fact based on the absolute judicial immunity that such judicial officers enjoy. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993). Vicarious liability being inapplicable to §1983 proceedings, plaintiff's claim against Sheriff Lee similarly fails because no facts are alleged establishing any personal involvement on the Sheriff's part in the execution of the search warrant at issue. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983)(citing Rizzo v. Goode, 423 U.S. 362, 371-72, 96 S.Ct.

598, 604-05 (1976)).  In light of these authorities, it will be recommended that plaintiff's claims against Commissioner Kift and Sheriff Lee be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's §1983 claims against Commissioner Kift and Sheriff Lee be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  24th  day of  September  , 2007.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE