UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT CAFFREY                                    CIVIL ACTION

VERSUS                                            NUMBER: 07-3508

CAROLINE R. KIFT, ET AL.                          SECTION: "I"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Robert Caffrey, against defendants, Criminal Commissioner Caroline R. Kift of the Twenty-Fourth Judicial District Court, former Jefferson Parish Sheriff Harry Lee, and Detectives Barrette, Jones, Decker, and Spera of the Jefferson Parish Sheriff's Office.  In his lawsuit, plaintiff sought monetary compensation for property damage and mental anguish brought about as a result of a search of his premises that was undertaken pursuant to a warrant issued by Commissioner Kift.  (Rec. docs. 1, 6).

The Court previously issued a Report and Recommendation, which has since been approved and adopted by the District Judge,

which disposed of plaintiff's claims against Commissioner Kift and Sheriff Lee.  (Rec. docs. 14, 15).  That left remaining in this case the four detectives identified above.  In an effort to move this case forward, on November 2, 2007 the Court issued an order scheduling a preliminary conference in this matter for November 29, 2007 at 4:00 p.m.  (Rec. doc. 16).  Said order also instructed the parties to advise the undersigned, no later than five (5) days prior to the conference, as to whether they were willing to proceed to trial before the Magistrate Judge pursuant to 28 U.S.C. §636(c). (Id.).  A copy of the Court's order was mailed to plaintiff at his address of record and has not been returned as undeliverable. On November 29, 2007 at the designated time, the Court and defense counsel stood ready to proceed with the preliminary conference as scheduled.  Plaintiff, however, failed to appear for the conference as directed and the Court has received no communication from him indicating that he was unable to do so for reasons beyond his control.  Plaintiff also failed to advise the undersigned in advance of the conference of his preference on the §636(c) consent issue.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d

744, 749 (5th Cir. 1987); <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders.  <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989); <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986).  As plaintiff is proceeding <u>pro se</u> in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

Despite having received notice, plaintiff failed to appear for the preliminary conference scheduled in this matter for November 29, 2007 and the Court has received no communication from him indicating that he was unable to do so for reasons beyond his control.  Plaintiff has also failed to heed the Court's directive that he advise the undersigned in advance of the preliminary conference of his position on the §636(c) consent issue. The Court must therefore assume that plaintiff has no further interest in prosecuting this matter.  As plaintiff is proceeding <u>pro se</u>, these failures are attributable to him alone.

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

3

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  5th  day of ___December___, 2007.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4